■ ALLAN CHAND, Also Known as JOHN CRAWFORD, Respondent-Appellant, v STEUBEN HILL MANAGEMENT CORP. et al., Defendants, and FIRSTAR BANK, N.A., Appellant-Respondent. [798 NYS2d 521]—

In an action, inter alia, for a judgment declaring that certain deeds and a mortgage held by the defendant Firstar Bank, N.A., are void, (1) the defendant, Firstar Bank, N.A., appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated April 26, 2004, as granted that branch of the plaintiff's motion which was for summary judgment declaring that a deed dated August 27, 1999, transferring the subject property to the defendant Steuben Hill Management Corp. is a forgery, and that it and all other recorded instruments concerning the subject property from 1999 to the present, including its mortgage, are void ab initio, and (2) the plaintiff cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment declaring that he is the title owner of the subject property.

Ordered that the order is reversed insofar as cross-appealed from, on the law and the facts, and that branch of the motion which was for summary judgment declaring that the plaintiff is the title owner to the subject property is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the deed dated August 27, 1999, transferring the property known as 1000 Fulton Street, Brooklyn, identified by tax map block 2015,

lot 19 to the defendant Steuben Hill Management Corp. is a forgery and that it and all other recorded instruments concerning the subject property from 1999 to the present, including the mortgage held by the defendant Firstar Bank, N.A., are void ab initio and that the plaintiff is the title owner of the premises known as 1000 Fulton Street, Brooklyn, identified by tax map block 2015, lot 19; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1990 "John Crawford" purchased property known as 1000 Fulton Street in Brooklyn, identified by tax map block 2015, lot 19. By deed dated August 27, 1999, a party purporting to be "John Crawford" transferred the property to Steuben Hill Management Corp., which, in turn, conveyed the property to Advance Local Development Corp. The mortgage given in connection with the 1999 sale was ultimately assigned to the appellant Firstar Bank, N.A. (hereinafter Firstar).

The plaintiff, Allan Chand, also known as John Crawford, commenced this action, inter alia, for a declaration that the 1999 deed to Steuben Hill Management Corp. and the mortgage held by Firstar were void ab initio, and a declaration that he was the title owner to the property. The plaintiff moved for summary judgment against the only non-defaulting party in the action, Firstar, claiming that he had used the pseudonym "John Crawford" to purchase the property to shield his identity from local drug traffickers who were making use of the vacant building, and claiming that the person who sold the property in 1999 not only did not own the property, but had committed a forgery. Discovery uncovered that the person who sold the property in 1999 used a false identity card, that the check issued to "John Crawford" was seized by the bank due to suspicious circumstances, and that no one had come forward to claim the funds.

The plaintiff established his entitlement to summary judgment both on the issue of title and the issue of the 1999 deed's invalidity (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Contrary to Firstar's contention, the plaintiff's proof consisted of far more than the plaintiff's own self-serving statement. The plaintiff submitted numerous affidavits and documentary evidence demonstrating his ownership of the property, including an affidavit from Camille Crawford, who confirmed that she gave the plaintiff permission to use her surname and address in 1990 for the purpose of purchasing the property. In opposition to the motion, Firstar submitted an attorney's affirmation, which lacked evidentiary value, since the attorney had no personal knowledge of the events, and merely pointed out deficiencies in the plaintiff's submissions (*see Zuckerman v City*

*of New York, supra).* Firstar submitted no evidence, except for the plaintiff's deposition testimony, which actually supported the plaintiff's version of the events.

There being no triable issue of fact, the plaintiff's summary judgment motion should have been granted in its entirety.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the deed dated August 27, 1999, transferring the subject property to the defendant Steuben Hill Management Corp. is a forgery and that it and all other recorded instruments concerning the subject property from 1999 to the present, including the mortgage held by the defendant Firstar Bank, N.A., are void ab initio and that the plaintiff is the title owner of the premises known as 1000 Fulton Street, Brooklyn, New York, identified by tax map block 2015, lot 19 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.