█ REUBENA MEADE et al., Respondents, v JD VENTURE CAPITAL, LLC, Appellant, et al., Defendant. [832 NYS2d 665]—

In an action pursuant to RPAPL article 15, inter alia, to quiet

title to real property, the defendant JD Venture Capital, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 14, 2006, as denied that branch of its cross motion which was for summary judgment, and granted those branches of the plaintiffs' cross motion which were for summary judgment vacating a foreclosure sale of the subject real property conducted on March 29, 2006, and declaring invalid the referee's deed to the real property dated March 29, 2006, and delivered to the defendant JD Venture Capital, LLC, pursuant to the foreclosure sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances presented, the Supreme Court correctly vacated the foreclosure sale. In support of their cross motion for summary judgment vacating the foreclosure sale of the subject real property conducted on March 29, 2006, and declaring invalid the referee's deed to the real property dated March 29, 2006, and delivered to the defendant JD Venture Capital, LLC, pursuant to the foreclosure sale, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the mortgagee failed to comply with the applicable foreclosure sale notice provisions of the Real Property Actions and Proceedings Law, and that a substantial right of the plaintiff mortgagor Claudette Bogle was prejudiced as a result (*see* RPAPL 231 [6]). In opposition, the defendant grantee JD Venture Capital, LLC (hereinafter JDVC), failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, the Supreme Court correctly granted those branches of the plaintiffs' cross motion which were for summary judgment vacating the foreclosure sale and declaring invalid the referee's deed and correctly denied that branch of JDVC's cross motion which was for summary judgment.

JDVC's remaining contentions are without merit.

Since this action seeks declaratory relief, the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the referee's deed to the subject real property dated March 29, 2006, and delivered to JDVC, pursuant to a foreclosure sale conducted on March 29, 2006, is invalid (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.