■ BRENDAN LOUGHMAN, Respondent, v CATHLEEN LOUGHMAN et al., Defendants, and DITECH FUNDING CORPORATION, Appellant. [926 NYS2d 145]—

In an action, inter alia, to extinguish a mortgage lien on the ground of fraud, the defendant Ditech Funding Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated November 16, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its third counterclaim to recover damages for unjust enrichment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Ditech Funding Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and, upon searching the record, summary judgment is awarded to the plaintiff

dismissing the third counterclaim to recover damages for unjust enrichment.

The plaintiff alleged that, on February 15, 2002, the defendant Cathleen Loughman, his ex-wife, forged his signature on mortgage documents in connection with a loan in the sum of $50,000 from the defendant Ditech Funding Corporation (hereinafter Ditech). The plaintiff further alleged that he became aware of this loan and mortgage on or about February 24, 2005, and commenced the instant action, inter alia, to extinguish the mortgage lien.

Ditech satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiff ratified the loan and mortgage. The plaintiff was aware that the proceeds of the loan were used to pay off a number of his debts, including a home equity loan, for which the plaintiff had previously signed, and the plaintiff failed to promptly object to the loan and mortgage after allegedly discovering the forgery (*see Skilled Invs., Inc. v Bank Julius Baer & Co., Ltd.*, 62 AD3d 424, 425 [2009]; *Sitar v Sitar*, 61 AD3d 739, 742 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Under these circumstances, the Supreme Court should have granted that branch of Ditech's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination that the plaintiff is liable to Ditech for the balance of the loan, upon searching the record, we award summary judgment to the plaintiff dismissing the third counterclaim to recover damages for unjust enrichment (*see* CPLR 3212 [b]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.