■ RICHARD M. EGLOFF, Respondent, v TOWN OF LEWISBORO et al., Appellants, et al., Respondent. [932 NYS2d 151]—

In a prior proceeding entitled *In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article Eleven of the Real Property Tax Law, Chapter 602, Laws of 1993 by the Town of Lewisboro in the Year 2005*, commenced under Westchester County index No. 9674/05, the Town of Lewisboro was

awarded a final judgment of foreclosure, upon default, of a tax lien with respect to real property previously owned by the plaintiff/petitioner (hereinafter the plaintiff). The final judgment of foreclosure further awarded the Town possession of the subject property, and directed the execution and recording of a deed conveying the subject property to the Town.

The plaintiff subsequently commenced the instant hybrid action, inter alia, to enjoin, among others, the Town and Joann Vasi, Enforcing Officer of the Town (hereinafter together the town defendants), from evicting him from the subject property, and proceeding pursuant to CPLR article 78, in effect, to compel the town defendants to set aside the transfer of the deed to the subject property. The plaintiff then moved, by order to show cause, for the appointment of a guardian ad litem, and to preliminarily enjoin the Town from evicting him. After a hearing on that motion, the Supreme Court, in effect, granted that branch of the motion which sought appointment of a guardian ad litem. Further, the Supreme Court, sua sponte, conditionally vacated the final judgment of foreclosure entered in the prior proceeding, awarded the plaintiff possession of the property, and directed the Town to execute a deed conveying the property to the plaintiff.

The Town correctly contends that the Supreme Court erred in conditionally vacating the final judgment of foreclosure entered in a separate proceeding. Any such relief must be obtained by motion filed in that proceeding (*see* CPLR 5015 [a]; *see generally Matter of Adelson,* 84 AD3d 952 [2011]; *State of New York v Kama,* 267 AD2d 225 [1999]). In light of our determination, the remaining portions of the order which are before us on appeal cannot be upheld, as they were predicated upon the vacatur of the final judgment of foreclosure. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.