*705 In two related actions, inter alia, to foreclose a mortgage and to set aside certain transfers of real property, Stewart Title Insurance Company, a defendant in action No. 2, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered July 26, 2011, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss, in effect, so much of the complaint in action No. 2 as sought to set aside certain transfers of real property, denied that branch of its motion which was to cancel the notice of pendency filed in action No. 2, denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in action No. 2 alleging fraud insofar as asserted against it, granted that branch of the cross motion of Frank Lato, the plaintiff in action No. 2 and a defendant in action No. 1, which was to vacate the final judgment of foreclosure and sale in action No. 1, vacated the sale of the subject property, and granted that branch of Frank Lato’s cross motion which was to consolidate the actions pursuant to CPLR 602 (a) to the extent of directing a joint trial.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Stewart Title Insurance Company which were pursuant to CPLR 3211 (a) (5) to dismiss, in effect, so much of the complaint in action No. 2 as sought to set aside certain transfers of real property, to cancel the notice of pendency filed in action No. 2 and, pursuant to CPLR 3211 (a) (7), to dismiss the second cause of action in action No. 2 alleging fraud insofar as asserted against it are granted, and the cross motion of Frank Lato to vacate the final judgment of foreclosure and sale in action No. 1 and to consolidate the actions pursuant to CPLR 602 (a) is denied.
On July 29, 2008, IndyMac Bank, F.S.B. (hereinafter IndyMac) obtained a final judgment of foreclosure and sale, upon default, against, among others, Frank Lato in connection with a mortgage foreclosure action (hereinafter action No. 1). At the foreclosure sale held in July 2009, OneWest Bank, F.S.B. (hereinafter OneWest) purchased the subject property.
In May 2011, Frank Lato, a defendant in action No. 1, commenced a plenary action (hereinafter action No. 2) against, among others, IndyMac, OneWest, and Stewart Title Insurance Company (hereinafter Stewart Title), seeking, inter alia, monetary damages and to set aside certain transfers of the subject property and One West’s title and interest in the subject *706 property. He also filed a notice of pendency against the subject property. Stewart Title moved to cancel the notice of pendency and to dismiss, in effect, so much of the complaint in action No. 2 as sought to set aside certain transfers of the subject property on the ground that Lato was precluded from asserting any claims relating to title to the subject property due to the judgment of foreclosure and sale in action No. 1. Additionally, Stewart Title moved to dismiss the second cause of action in action No. 2 alleging fraud insofar as asserted against it for failure to state a cause of action. Lato cross-moved to consolidate action Nos. 1 and 2 and to vacate the judgment of foreclosure and sale in action No. 1.
By order entered July 26, 2011, the Supreme Court denied those branches of Stewart Title’s motion which were to cancel the notice of pendency in action No. 2, to dismiss, in effect, so much of the complaint in action No. 2 as sought to set aside certain transfers of the subject property, and to dismiss the second cause of action alleging fraud insofar as asserted against it for failure to state a cause of action. The Supreme Court also granted that branch of Lato’s cross motion which was to vacate the final judgment of foreclosure and sale in action No. 1, vacated the sale of the subject property, and granted that branch of Lato’s cross motion which was to consolidate the actions to the extent of directing a joint trial. Stewart Title appeals.
The Supreme Court erred in granting that branch of Lato’s cross motion which was to vacate the final judgment of foreclosure and sale entered in action No. 1. Vacatur could only be obtained by way of a motion to vacate the judgment of foreclosure and sale in action No. 1 pursuant to CPLR 5015 (a) (see James v Shave, 62 NY2d 712, 714 [1984]; Egloff v Town of Lewisboro, 89 AD3d 792, 793 [2011]; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060, 1061 [2011]; Bobu v 29 Cortlandt St. Realty Corp., 289 AD2d 273, 273 [2001]). A plenary action or proceeding for such relief does not lie and must be dismissed (see Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d at 1061; Babu v 29 Cortlandt St. Realty Corp., 289 AD2d at 273; Weinstock v Citibank, 289 AD2d 326, 326 [2001]). Consequently, as action No. 2, in part, is a collateral attack upon the judgment of foreclosure and sale, the Supreme Court should have granted that branch of Stewart Title’s motion which was pursuant to CPLR 3211 (a) (5) to dismiss, in effect, so much of the complaint in action No. 2 as sought to set aside certain transfers of the subject property and denied that branch of Lato’s cross motion which was to vacate the judgment of foreclosure and sale in action No. 1.
*707 The Supreme Court also erred in vacating the sale of the subject property to OneWest, as it was predicated upon vacatur of the judgment of foreclosure and sale (see Egloff v Town of Lewisboro, 89 AD3d at 793). Additionally, since Lato is not entitled to challenge title to, the possession of, or the use or enjoyment of the subject property in action No. 2, the notice of pendency filed in action No. 2 must be cancelled (see CPLR 6514 [a]; Freidus v Sardelli, 192 AD2d 578, 580 [1993]). Moreover, there is no basis to grant that branch of Lato’s cross motion which was to consolidate action Nos. 1 and 2 for the purpose of a joint trial. Since a final judgment of foreclosure and sale has been entered in action No. 1, that action would not be a pending action which could be consolidated with action No. 2 pursuant to CPLR 602 (a).
The Supreme Court also should have granted that branch of Stewart Title’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action alleging fraud insofar as asserted against it. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Stein v Doukas, 98 AD3d 1024, 1025 [2012]; Daly v Kochanowicz, 67 AD3d 78, 89 [2009]). Additionally, to state a cause of action alleging fraud, the complaint must set forth in detail the complained of misconduct (see CPLR 3016 [b]; Lanzi v Brooks, 43 NY2d 778, 780 [1977]; Moore v Liberty Power Corp., LLC, 72 AD3d 660, 661 [2010]). Here, as the second cause of action alleging fraud insofar as asserted against Stewart Title contains only bare and conclusory allegations, without any supporting detail, it fails to satisfy the requirements of CPLR 3016 (b).
Angiolillo, J.R, Dickerson, Chambers and Lott, JJ., concur.