■ BENZINA JAMISON, Appellant, v MOUDUPE AQUAI, Defendant, and U.S. BANK NATIONAL ASSOC., as Assignee of Wells Fargo Bank, N.A., Respondent. [10 NYS3d 119]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 28, 2013, as granted that branch of the motion of the defendant U.S. Bank National Assoc., as assignee of Wells Fargo Bank, N.A., which was pursuant to CPLR 3211 (a) (5) to dismiss the fifth cause of action, which was for a stay of a foreclosure sale of the subject property, and directed that the purchaser at the foreclosure sale was to take title free and clear of any interest in the property that may be held by the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant U.S. Bank National Assoc., as assignee of Wells Fargo Bank, N.A., which was pursuant to CPLR 3211 (a) (5) to dismiss the fifth cause of action, which was for a stay of the foreclosure sale of the subject property, is denied.

The plaintiff, Benzina Jamison, who was not the titleholder of record of the subject real property, moved to intervene as of right in a prior action commenced by US Bank, N.A., sued herein as U.S. Bank National Assoc., as assignee of Wells Fargo Bank, N.A. (hereinafter the bank), to foreclose a mortgage on the subject property, alleging that she was a necessary party to the foreclosure action. Her motion was denied without explanation. In the order denying that motion, the Supreme Court stated that "[n]o determination is made by the court on the issue of whether or not Jamison was a necessary or indispensable party."

In the instant plenary action for a judgment declaring that Jamison is the owner of the subject property, Jamison sought, in the fifth cause of action, to stay the foreclosure sale. In an order dated January 28, 2013, the Supreme Court granted that branch of the bank's motion which was pursuant to CPLR 3211 (a) (5) to dismiss that cause of action, concluding that Jamison

was collaterally estopped from asserting it, and directed that the purchaser at the foreclosure sale was to take title free and clear of any interest in the subject property that may be held by Jamison. Contrary to the bank's contention, Jamison appeals from all provisions of the order that were adverse to her.

The doctrine of collateral estoppel bars relitigation of an issue which has been necessarily decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]; *Buechel v Bain*, 97 NY2d 295, 303-304 [2001]; *Capellupo v Nassau Health Care Corp.*, 97 AD3d 619 [2012]; *Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]; *York v Landa*, 57 AD3d 980 [2008]). The party seeking the benefit of the doctrine of collateral estoppel must establish that the identical issue was necessarily decided in the prior action, and is determinative in the present action (*see Buechel v Bain*, 97 NY2d at 304). Once the party invoking the doctrine discharges his or her burden in that regard, the party to be estopped bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (*see id.*).

Here, the bank failed to establish that the issue of whether Jamison has an interest in the subject property had already been decided, since the order it relied upon expressly provided that no determination had been made by the court with respect to the issue of whether or not Jamison was a necessary or indispensable party, and Jamison's motion to intervene as of right in the foreclosure action was denied without explanation. In any event, where a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left unaffected by the judgment of foreclosure and sale, and the foreclosure sale may be considered void as to the omitted person (*see 6820 Ridge Realty v Goldman*, 263 AD2d 22, 26 [1999]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD3d 400, 406 [1983]). Accordingly, Jamison's interest, if any, in the subject property was neither litigated nor determined in the foreclosure action, and the order denying her motion to intervene as of right in the foreclosure action was not an adjudication of her rights on the merits.

The bank's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court should have denied that branch of the bank's motion which was pursuant to CPLR 3211

(a) (5) to dismiss the plaintiff's fifth cause of action, which was to stay the foreclosure sale of the subject property. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.