■ DIANA DERAMO, as Proposed Executrix of NICHOLAS DE-RAMO, Deceased, Appellant, v ANGELO LAFFEY et al., Defendants, and WELLS FARGO BANK, N.A., as Trustee, on Behalf of the Holders of the ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES AMQ 2007-HE2 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES AMQ 2007-HE2, et al., Respondents. [52 NYS3d 119]—

In an action, inter alia, for a judgment declaring that a deed dated June 27, 2005, is null and void, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated September 22, 2014, which granted the motion of the defendant Wells Fargo Bank, N.A. as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2007-HE2 Asset Backed Pass-Through Certificates, Series AMQ 2007-HE2 for summary judgment dismissing the complaint insofar as asserted against it, and denied her cross motion, in effect, for summary judgment

declaring that the deed dated June 27, 2005, is null and void, setting aside that deed and deeds dated September 10, 2007, and August 25, 2010, respectively, and setting aside certain mortgages, and to impose a sanction against the defendant Wells Fargo Bank, N.A. as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2007-HE2 Asset Backed Pass-Through Certificates, Series AMQ 2007-HE2.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Wells Fargo Bank, N.A. as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2007-HE2 Asset Backed Pass-Through Certificates, Series AMQ 2007-HE2 for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring that the deed dated June 27, 2005, is null and void, setting aside that deed and deeds dated September 10, 2007, and August 25, 2010, respectively, and setting aside certain mortgages, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant Wells Fargo Bank, N.A. as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2007-HE2 Asset Backed Pass-Through Certificates, Series AMQ 2007-HE2, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the deed dated June 27, 2005, is null and void.

This case involves an allegedly forged deed dated June 27, 2005 (hereinafter the subject deed), purportedly conveying real property from Diana Deramo and Nicholas Deramo to the defendant Angelo Laffey. In November 2005, and again in January 2007, Laffey obtained loans secured by mortgages on the subject property. The second mortgage was given to the defendant Argent Mortgage Company, LLC, which subsequently assigned it to the defendant Wells Fargo Bank, N.A. as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2007-HE2 Asset Backed Pass-Through Certificates, Series AMQ 2007-HE2 (hereinafter Wells Fargo). By deed dated September 10, 2007, Laffey conveyed the property to his wife, the defendant Anneli Karu-Laffey. After Laffey defaulted on the loan secured

by the second mortgage, Wells Fargo commenced a foreclosure action. Following issuance of a judgment of foreclosure and sale, the property was sold to Wells Fargo. Title was conveyed to Wells Fargo by referee's deed dated August 25, 2010.

Thereafter, Diana Deramo, individually, and as proposed executrix of the estate of Nicholas Deramo, deceased, commenced this action seeking, inter alia, to set aside the subject deed and the mortgages based on that deed. In the verified complaint, the plaintiff alleged that Nicholas Deramo died on August 28, 2003, almost two years prior to the date of the subject deed, and that Diana Deramo did not sign that deed.

Wells Fargo moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the instant plenary action was a collateral attack on the judgment of foreclosure and sale, and that vacatur of the judgment of foreclosure and sale could only be obtained by way of a motion to vacate the judgment of foreclosure and sale in the foreclosure action pursuant to CPLR 5015 (a) (*see IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 706 [2013]; *Egloff v Town of Lewisboro*, 89 AD3d 792 [2011]). The plaintiff cross-moved, in effect, for summary judgment declaring that the deed dated June 27, 2005, is null and void, setting aside that deed and the deeds dated September 10, 2007, and August 25, 2010, respectively, and setting aside the mortgages given by Laffey, and to impose a sanction against Wells Fargo. The Supreme Court granted Wells Fargo's motion and denied the plaintiff's cross motion. The plaintiff appeals.

RPAPL 1501 (1) provides that any person who "claims an estate or interest in real property" may "maintain an action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, . . . the defendant might make." A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (*see Matter of Marini*, 119 AD3d 584, 585 [2014]; *Jiles v Archer*, 116 AD3d 664, 666 [2014]; *ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801, 803 [2012]; *First Natl. Bank of Nev. v Williams*, 74 AD3d 740, 742 [2010]; *GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]; *Cruz v Cruz*, 37 AD3d 754 [2007]).

Contrary to Wells Fargo's contention, the plaintiff, who, like the decedent, was not a defendant in the foreclosure action (*cf. IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d at 705; *Egloff v Town of Lewisboro*, 89 AD3d at 793), properly commenced the instant action (*see* RPAPL 1501 [1]; *see also Jamison v Aquai*,

128 AD3d 775, 776 [2015]; *Jiles v Archer*, 116 AD3d at 664; *Pouncy v Dudley*, 27 AD3d 633 [2006]).

Wells Fargo otherwise failed to carry its prima facie burden on its motion by demonstrating the absence of a triable issue of fact as to whether the subject deed was valid (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Valenzano v Valenzano*, 98 AD3d 661 [2012]; *Loughman v Loughman*, 85 AD3d 1129 [2011]). Accordingly, the Supreme Court erred in granting Wells Fargo's motion.

The plaintiff established, prima facie, her entitlement to judgment as a matter of law by submitting, inter alia, the death certificate of Nicholas Deramo, the complaint, which was verified by the plaintiff (*see* CPLR 105 [u]), and the affidavit of notary Gayna T. Nakajo, who averred that the signature appearing on the subject deed was not Nakajo's signature and was a forgery (*cf.* CPLR 4538). In opposition, Wells Fargo failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring that the subject deed is null and void, setting aside that deed and the deeds dated September 10, 2007, and August 25, 2010, respectively, and setting aside the subject mortgages (*see Jiles v Archer*, 116 AD3d at 665-667; *Neuman v Neumann*, 109 AD3d 886, 888 [2013]; *Bank of N.Y. v Spadafora*, 92 AD3d 629, 630-631 [2012]; *Cruz v Cruz*, 37 AD3d at 754; *Chand v Steuben Hill Mgt. Corp.*, 20 AD3d 443, 444-445 [2005]).

The plaintiff's remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject deed is null and void (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *5706 Fifth Ave., LLC v Louzieh*, 108 AD3d 589 [2013]; *Beshara v Beshara*, 51 AD3d 837, 838 [2008]; *Chand v Steuben Hill Mgt. Corp.*, 20 AD3d at 445; *Meade v JD Venture Capital, LLC*, 38 AD3d 858, 859 [2007]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.