**Sanderson v Aydin BK Holding Inc.**

2025 NY Slip Op 30159(U)

January 9, 2025

Supreme Court, Kings County

Docket Number: Index No. 529517/2022

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of
the Supreme Court of the State of
New York, Kings County, at the
Courthouse located at 360 Adams
Street, Brooklyn, New York on
the 9th day of January 2025.

P R E S E N T :

HON. ANNE J. SWERN, J.S.C.

ANNETTE SANDERSON, AS ADMINISTRATOR OF THE
ESTATE OF THOMAS A. SANDERSON AND RENDEL
SANDERSON, AS PROPOSED SUCCESSOR OF THE
ESTATE OF THOMAS A. SANDERSON,

**ORDER**

Index No.:    529517/'2022

*Plaintiff(s),*

Calendar No.: 11, 12 and 13

*: against:*

Motion Seq.:  002, 003 & 004

AYDIN BK HOLDING INC. AND
NZ PROPERTIES GROUP, INC.,

*Defendant(s).*

*Recitation of the following papers as required by CPLR 2219(a):*

Papers
Numbered[1]

Notice of Motion, Affirmation, Affidavits
and Exhibits (**MS_002**) (NYSCEF 92: 118, 112))...............................................1, 2
Memorandum of Law in Opposition (NYSCEF 127).................................................3
Reply Affirmation (NYSCEF 130: 131) ........................................................................4

Order to Show Cause and
Affirmation (**MS_003**) (NYSCEF 119 – 121) ...........................................................5, 6

Notice of Cross: Motion, Affirmation/Affidavits,
Memorandum of Law and Exhibits (**MS_004**) (NYSCEF 124: 129)..................7, 8
Affirmation in Opposition (NYSCEF 132)....................................................................9
Reply Affirmation with Exhibit (NYSCEF 134: 135) ............................................10

---

[1] New York City Council Member Rita Joseph (40th District) and New York State Senator Kevin Parker each
submitted letters to the Court dated 1/8/2025 on behalf of plaintiff. A messenger delivered the letters to the Court on
the morning of 1/9/2025. The Court provided copies of the letters to the parties' attorneys. After reviewing the
letters, defendants' attorney's objection to including these letters as part of the record was sustained.

*Annette Sanderson v. Aydin*
*529517/2022*
*Page 1 of 5*

[* 1]

*Upon the foregoing papers and after oral argument on the record, Defendants' motion for summary judgment dismissing this action pursuant to CPLR § 3212 is granted is as follows:*

### Procedural History

The only remaining motion for determination after oral argument is plaintiff's motion for summary judgment pursuant to CPLR § 3212 [b] (MS_002). Plaintiff has retained and appeared by new counsel thereby rendering the Order to Show Cause to be relieved as counsel by plaintiff's prior counsel moot (MS_003). Plaintiff's cross: motion for an order extending plaintiff's time to serve opposition to defendants' motion for summary judgment and allowing plaintiff to retain an expert is also denied as moot since plaintiff has now served opposition to the motion with the expert's report (MS_004).

### Facts

Briefly, plaintiff alleges that the premises known as 318 East 16th Street, Brooklyn, New York, Block 5146 and Lot 28, was sold in foreclosure on 10/17/2019. However, plaintiff was not the mortgagor. It is plaintiff's claim that the deed dated 11/10/2004 that transferred the premises from her husband (now deceased) to Sid Lyn & Associates was a forgery (Ex. O: NYSCEF #109). The property was then transferred to Joyce Halls who defaulted on a mortgage in the amount of $649,000.00 (Ex. A: NYSCEF 95). A foreclosure action was commenced under Index #31761/2007 (Id.). Annette Sanderson sued therein as John Doe was served with the summons and complaint in the foreclosure action on 8/28/2007 (Ex. U: NYSCEF #115). A Judgment of Foreclosure and Sale was entered on 5/8/2018 and the Referee conducted the sale on 10/17/2019 (Ex. B: NYSCEF #96). A Referee's Deed was executed 12/20/2019 and delivered on 1/2/2020 (Ex. C: NYSCEF #97).

*Annette Sanderson v. Aydin*
*529517/2022*
*Page 2 of 5*

[* 2]

On 5/28/2009, plaintiff appeared for a conference in the foreclosure action and raised the issue of a "fraudulent mortgage" (Ex. V: NYSCEF #116) but did not seek to serve a late answer in the foreclosure action until January 2015 (Ex. W: NYSCEF #117). However, plaintiff withdrew her application by Order to Show Cause to serve an answer in the foreclosure action (Id.).

### Analysis

Based on these facts, plaintiff's interest in the property and right of redemption were extinguished as a matter of law upon entry of the judgment of foreclosure even before the referee's deed is delivered (*Liberty Dabar Associates v. Mohammed,* 183 AD3d 880, 881 [2d Dept. 2020]). Plaintiff failed to serve an answer and assert the defenses of a forged deed in the foreclosure action (*Liberty Dabar Associates v. Mohammed,* 183 AD3d 883).

Therefore, accepting as true plaintiff's expert's opinion that the deceased's signature on the 11/10/2004 deed is a forgery, plaintiff's interest in the property has been extinguished as a matter of law (*Liberty Dabar Associates v. Mohammed,* 183 AD3d 880) and the need for discovery, as asserted by plaintiff will not revive plaintiff's right of redemption or interest in the property or lead to relevant evidence or facts essential to oppose plaintiff's motion for summary judgment (*See 71: 21 Loubet, LLC v. Bank of America, N.A.,* 208 AD3d 736, 740 [2d Dept. 2022]).

Additionally, since plaintiff was made a party to the foreclosure action (NYSCEF #115), she cannot now collaterally attack the judgment of foreclosure and sale and this action must be dismissed (*IndyMac Bank, F.S.B. v. Vincoli,* 105 AD3d 704 [2d Dept. 2013]; *cf. Deramo v. Laffey,* 149 AD3d 800 [2d Dept. 2017] [The forged deed was declared null and void in a subsequent action where owners were not parties to the underlying foreclosure action.]).

Moreover, "[V]acatur [of the deed can] only be obtained by way of a motion to vacate the judgment of foreclosure and sale" in the foreclosure action (*IndyMac Bank, F.S.B. v. Vincoli*, 105 AD3d 706; CPLR § 5015 [a]). Plaintiff failed to raise an issue of fact (*Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, summary judgment is warranted, and the action must be dismissed (Id.; *IndyMac Bank, F.S.B. v. Vincoli, supra*); and *See 71: 21 Loubet, LLC v. Bank of America, N.A.*, 208 AD3d 742).

Finally, defendants' request for attorneys' fees and costs is denied. The attorneys did not submit an affirmation of services and costs associated with this lawsuit.

Accordingly, it is hereby

ORDERED, that defendants' motion to for an order pursuant to CPLR § 3212 [b] is granted and this action is dismissed in its entirety (MS_002), and it is further

ORDERED, that the branch of defendants' motion to for an order pursuant to CPLR § 3212 [b] awarding attorneys' fees and costs is denied (MS_002), and it is further

ORDERED that the Order to Show Cause relieving plaintiff's former counsel is denied as moot (MS_003), and it is further

ORDERED that the branch of plaintiff's cross-motion to extend the time to oppose defendants' motion for summary judgment is denied as moot (MS_004), and it is further

ORDERED that the branch of plaintiff's cross-motion for an order denying defendants' motion for summary judgment is denied (MS_004), and it is further

ORDERED that the branch of plaintiff's cross-motion for an order denying defendants'

motion for attorneys' fees and costs is granted.

This constitutes the decision and order of the Court.

ENTER.

_____
Hon. Anne J. Swern, J.S.C.
Dated: 1/9/2025

For Clerks use only:

MG 2

MD 3,4

Motion seq. # 2,3,4