Reger v GMI Devs. Inc. (2025 NY Slip Op 51879(U))

[*1]

Reger v GMI Devs. Inc.

2025 NY Slip Op 51879(U)

Decided on November 26, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2025
Supreme Court, Kings County

Frederick John Reger, Plaintiff,

against
GMI Developers Inc., Valuhome Echo, Inc., Citywide Capital, LLC, Jack LoCicero, 347 13th Street Housing LLC, Maspeth Federal Savings and Loan Association, ConnectOne Bank, Dolores M. Czajkoweski, Derek M. Broestler, and Christopher J. Broestler, Defendants.

Index No. 531109/2023

Bond, Schoeneck & King, PLLC, Garden City (Sabrina J. Salama of counsel), for plaintiff.
Jerald J. Desocio & Associates, P.C., Oyster Bay (Javier A. Aguilera of counsel), for defendants Jack LoCicero and 347 13th Street Housing LLC.
Fidelity National Law Group, New York City (Joyce A. Davis of counsel), for defendant ConnectOne Bank.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 42, 166-179, 191-217.
Upon the foregoing papers, having heard oral argument on October 17, 2025, and due deliberation having been had thereon, the within motion is determined as follows.
Questions Presented
Whether the motion of plaintiff in this quiet title action seeking a default judgment against non-answering defendants should be denied on the ground that doing so might result in a judgment against them which could be inconsistent with the judgment following a trial against the answering defendants; also whether granting a default judgment in these circumstances has implications for a mortgage if a default judgment were to affirm the invalidity of one or more deeds.
Background
Plaintiff commenced this action on October 25, 2023, seeking to quiet title to the premises 347 13th Street, Brooklyn, New York 11215 ("Subject Property") pursuant to RPAPL [*2]§ 1501 (see NYSCEF Doc No. 177). Plaintiff alleges that the Subject Property, originally owned by his grandmother Katarzyna Bednarz ("Katarzyna"), was the subject of a series of fraudulent and forged deeds executed and recorded between 2002 and 2011, which wrongfully purported to convey ownership interests.
According to Plaintiff's amended complaint, Katarzyna owned the Subject Property in fee simple from 1957 until her death in 1979 (see NYSCEF Doc No. 170 ¶ 14). Upon Katarzyna's death intestate, the Subject Property descended in equal shares to her three surviving children: Mary Teresa Bednarz Reger ("Mary"), Casimir Bednarz ("Casimir"), and Sophie Bednarz Czajowski ("Sophie") (see id. ¶¶ 15—18). When Mary predeceased her husband, her will devised her one-third interest to her only child, Plaintiff (see id. ¶¶ 19—24). After Casimir died intestate and without issue, his one-third share passed by operation of law to Plaintiff and Sophie (see id. ¶ 28). Sophie's interest later descended in equal shares to her children, Dolores Czajkowski and Joan Broestler, whose own children, Derek and Chrisopher Broestler, now hold her former interest (see id. ¶¶ 29—31).
Plaintiff contends that in February 2002, a deed purporting to convey the Property from "Adolph Bednarz, sole surviving heir of Katarzyna Bednarz," to GMI Developers Inc. ("GMI Deed") was fraudulently executed and recorded, even though no such individual existed. That conveyance allegedly initiated a fraudulent chain of title involving successive transfers: GMI Developers Inc. ("GMI") to Valuhome Echo, Inc. ("Valuhome") in 2003, Valuhome to Citywide Capital, LLC in 2003, Citywide Capital, LLC to Jack LoCicero in 2005, and LoCicero to 347 13th Street Housing LLC in 2011; also, a mortgage from 347 13th Street Housing LLC to Maspeth Federal Savings & Loan Association ("Maspeth"), which was later assigned to ConnectOne Bank ("ConnectOne") in 2019 (see id. ¶¶ 43—54).
On February 9, 2024, Defendant ConnectOne moved to dismiss for failure to join necessary parties, specifically Dolores M. Czarjowski, Derek M. Broestler, and Christopher J. Broestler (NYSCEF Doc No. 168 ¶ 4). By stipulation dated July 15, 2024, Plaintiff and ConnectOne withdrew that motion and Plaintiff's cross-motion to amend, and Plaintiff was permitted to file a supplemental summons and an amended complaint adding those parties (see NYSCEF Doc No. 42; NYSCEF Doc No. 168 ¶ 4). Plaintiff filed the supplemental summons and amended complaint on July 30, 2024 (see NYSCEF Doc No. 168 ¶ 5).
Plaintiff moved for a default judgment against the defaulting defendants, including Jack LoCicero and 347 13th Street Housing LLC. LoCicero and 347 13th Street Housing LLC cross-moved to vacate their default and for leave to interpose a late answer. Following oral argument on August 1, 2025, the Court granted LoCicero and 347 13th Street Housing LLC's cross-motion and denied Plaintiff's motion with leave to renew against GMI Developers Inc. ("GMI"), Valuhome, and Maspeth (see NYSCEF Doc No. 166).
In the instant motion, Plaintiff seeks a default judgment against GMI, Valuhome, and Maspeth (collectively, the "Defaulting Defendants") (see NYSCEF Doc No. 167). On August 8, 2024, GMI and Valuhome were each served with the supplemental summons and amended complaint via the Secretary of State (see NYSCEF Doc No. 168 ¶¶ 8—9). On August 9, 2024, Maspeth was personally served with the supplemental summons and amended complaint (see id. ¶ 10). On May 14, 2025, Plaintiff mailed additional copies of the pleadings to GMI and Valuhome at their last known addresses in compliance with CPLR 3215 (g) (4) (i) (see id. ¶ 11). At the time of Plaintiff's submission of his supporting affirmation on August 7, 2025, more than 30 days had passed since service had been made via the Secretary of State on GMI and [*3]Valuhome, and more than 20 days had passed since personal service had been made on Maspeth. None of the Defaulting Defendants appeared or answered, and no counsel communicated on their behalf (see id. ¶¶ 12—14). Plaintiff's renewed application was made within one year of the alleged defaults (see id. ¶ 15).
Plaintiff acknowledged in the amended complaint that Maspeth's mortgage interest was assigned to ConnectOne in 2019, and that GMI and Valuhome conveyed out of the chain of title in 2003. Nevertheless, Plaintiff named these entitles "to ensure that there can be a total resolution of all claims and defenses relating to the fraudulent conveyance of real property pursuant to a forged dead" and now seeks a default judgment to clarify that GMI and Valuhome have no claim or interest in the Subject Property (see NYSCEF Doc. No. 215). Defendants ConnectOne Bank, LoCicero, and 347 13th Street Housing LLC oppose.
Plaintiff's Argument
Plaintiff argues that the Defaulting Defendants were properly served, failed to appear, and are therefore deemed to have admitted all factual allegations in the amended complaint. Plaintiff maintains that the GMI Deed was forged, rendering all subsequent deeds and mortgages, including those of Valuhome and Maspeth void ab initio. Plaintiff submits that the amended complaint itself suffices as proof of the facts constituting the claim and that a default judgment is necessary to confirm that these entities have no interest in the Subject Property.
LoCicero and 347 13th Street Housing, LLC's Opposition
These defendants contend that a default judgment should be denied or deferred because the relief sought is inseparable from their active defenses, including lack of standing, laches, and adverse possession (see NYSCEF Doc Nos. 191, 196). Defendants rely on CPLR 3215 (d), arguing that simultaneous litigation of these issues risks inconsistent determinations of title. Alternatively, Defendants request that the action be severed and that any default judgment be without collateral estoppel effect as to the appearing defendants.
ConnectOne Bank's Opposition
ConnectOne argues that a default judgment should not be entered because none of the Defaulting Defendants currently holds an interest in the Subject Property. The record shows that GMI and Valuhome conveyed their interests in 2003 and that Maspeth assigned its mortgage to ConnectOne in 2019 (see NYSCEF Doc No. 213). ConnectOne asserts that predecessors in title who claim no interest are neither necessary nor proper parties to a quiet-title action. ConnectOne further argues that a default judgment now, declaring certain deeds and encumbrances void, would directly affect its mortgage interest and could result in inconsistent findings regarding title.
Plaintiff's Reply
Plaintiff argues that ConnectOne lacks standing to oppose because the Defaulting Defendants' failure to appear constitutes an admission of liability. Plaintiff maintains that entities involved in the forged chain of title are proper parties under CPLR 1001 (a), as their inclusion ensures complete relief. Plaintiff also urges the Court to exercise its discretion to enter a default judgment now rather than defer under CPLR 3215 (d).
Legal Standard
RPAPL § 1501(1) authorizes a person claiming an estate or interest in real property to maintain an action "against any other person . . . to compel the determination of any claim adverse to that of the plaintiff. . . ." The Second Department has held that former owners or mortgagees who have divested their interest before suit are neither necessary nor proper parties [*4](see McGahey v Topping, 255 AD2d 562 [2d Dept 1998]). For example, in Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 904 [2d Dept 2014], the Court denied a default judgment because the defaulting predecessor "claimed no interest in the subject premises" and therefore, was not a proper party in an action to quiet title.
In Faison v Lewis (25 NY3d 220, 225 [2015]), the Court of Appeals held that a forged deed is void ab initio, a legal nullity that conveys no title, not even to a bona fide purchaser. The Second Department has repeatedly applied this principle. In Public Adm'r of Kings County v Samerson (298 AD2d 512, 513[2d Dept 2002]), the Court recognized that "a person cannot be a bona fide purchaser or encumbrancer for value through a forged deed, as it is void and conveys no title." Further, "[a] deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (Deram v Laffey, 149 AD3d 800, 802 [2d Dept 2017]).
A plaintiff seeking default judgment must submit proof of (1) service of the summons and complaint, (2) the facts constituting the claim, and (3) the defendant's default (see CPLR 3215(f); Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). The plaintiff's verified complaint or affidavit of merit must allege enough facts for the court to determine that a viable cause of action exists (see Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985 [2d Dept 2016]).
Where other defendants have appeared, CPLR 3215 (d) authorizes the court to "enter an ex parte order directing that proceedings for the entry of a judgment . . . be conducted at the time of or following the trial or other disposition of the action against the defendant who has answered." The purpose is to prevent inconsistent judgments where the requested relief affects the rights of non-defaulting parties (see Gannon v Sadeghian, 151 AD3d 1586, 1588 [4th Dept 2017]); Merchants Ins. Co. v Long Is. Pet Cemetery, 206 AD2d 827, 828 [4th Dept 1994]).
Discussion
RPAPL § 1501 is intended to provide a single, definitive determination of the parties' respective interests in real property. That determination, however, should only involve those parties whose rights are presently adverse or may be affected by the judgment. Here, the undisputed record demonstrates that GMI and Valuhome conveyed their interests more than twenty years ago, and that Maspeth assigned its mortgage six years before this action commenced. Under controlling Second Department precedent, such as Elam (114 AD3d 901), McGahey (225 AD2d 562), and Berman v Golden (131 AD2d 416 [2d Dept 1987]), such prior owners and mortgagee are neither necessary nor proper parties, as they no longer claim an interest in the property. While Plaintiff may have prudently named them to ensure completeness of title, the Court should not enter judgment against entities whose inclusion is no longer essential and whose absence would not impair the full adjudication of ownership in this case.
However, Plaintiff's allegations of forgery are legally significant. Under Faison (25 NY3d at 225), a forged deed is void ab initio and incapable of transferring title. If proven, that defect would nullify the entire subsequent chain, including Valuhome's deed and Maspeth's mortgage. But those same questions of forgery, validity, and ownership are at the heart of the appearing defendants' active claims and defenses. As in Elam, the defaulting entities' prior involvement in the chain cannot be adjudicated in isolation without risk of inconsistent determinations concerning the same instruments now contested by Defendants ConnectOne and the LoCicero Defendants.
Consistent with CPLR 3215 (d), courts have deferred entry of a default judgment when the requested declaration "clearly affects the rights of other parties not alleged to be in default" [*5](Merchants Ins. Co., 206 AD2d at 828). That rationale applies with equal, if not greater, force here: the relief Plaintiff seeks, a declaration that the 2002 deed and all subsequent encumbrances are void, implicates the appearing defendants' mortgage and ownership claims. Therefore, entering judgment now would effectively decide those issues in advance of trial.
Accordingly, although Plaintiff has demonstrated a prima facie case of default, the Court finds that the more prudent exercise of discretion under CPLR 3215 (d) is to defer entry of a default judgment against GMI, Valuhome, and Maspeth pending final determination of the claims and defenses of the appearing defendants. Deferral ensures that all issues concerning the validity of the deed, the mortgage, and the chain of title are adjudicated together, consistent with the policy of RPAPL article 15 (action to compel determination of claim to real property) to produce a single, comprehensive determination of title.
Conclusion
Accordingly, it is hereby ORDERED as follows: (1) Plaintiff's motion for a default judgment against Defendants GMI Developers Inc., Valuhome Echo, Inc., and Maspeth Federal Savings & Loan Association is GRANTED SOLELY TO THE EXTENT of declaring that all three such defendants were properly served with the summons and complaint and failed to appear in this action. (2) The proceedings for the entry of a judgment shall be conducted at the time of or following the trial or other disposition of the action against the defendants who have answered.