■ ROBERT McGREGOR, Appellant-Respondent, v VOLVO GM HEAVY TRUCK CORPORATION et al., Appellants, CLARE ROSE, INC., Respondent, et al., Defendants. [729 NYS2d 769] —In an action to recover damages for personal injuries, the defendants Volvo GM Heavy Truck Corporation and Volvo Trucks North America, Inc., appeal from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 7, 1999, as denied their motion to dismiss the complaint insofar as asserted against them as time-barred, and granted that branch of the plaintiff's cross motion which was, *inter alia,* to validate the late service of the summons and complaint nunc pro tunc. The plaintiff separately appeals from so much of the same order as granted the motion of the defendant Clare Rose, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law and as a mat-

ter of discretion, by deleting the provision thereof denying the motion of the defendants Volvo GM Heavy Truck Corporation and Volvo Trucks North America, Inc., and substituting therefor a provision granting that motion, and deleting the provision granting that branch of the plaintiff's cross motion which was, *inter alia*, to validate the late service of the summons and complaint nunc pro tunc and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, the action is dismissed insofar as asserted against the defendants Volvo GM Heavy Truck Corporation and Volvo Trucks North America, Inc., and the action against the remaining defendants is severed; and it is further,

Ordered that the defendants Volvo GM Heavy Truck Corporation, Volvo Trucks North America, Inc., and Clare Rose, Inc., are awarded one bill of costs, payable by the plaintiff.

The plaintiff was allegedly injured on May 17, 1995. Given the extent of the delay in service of process, and the plaintiff's failure to proffer a reasonable excuse for failing to timely serve process, the Supreme Court erred in deeming the plaintiff's late service of the summons and complaint valid nunc pro tunc (*see, Hafkin v North Shore Univ. Hosp.,* 279 AD2d 86; *Estate of Jervis v Teachers Ins. & Annuity Assn.,* 279 AD2d 367).

The plaintiff made no attempt to serve the defendants Volvo GM Heavy Truck Corporation, Volvo Trucks North America, Inc. (hereinafter the Volvo defendants), and Clare Rose, Inc., within 120 days of filing the summons and complaint on May 18, 1998 (*see,* CPLR former 306-b [a]). Instead the plaintiff filed a second summons and complaint pursuant to CPLR former 306-b (b) on January 5, 1999, which is 112 days after the expiration of the 120-day period following May 18, 1998. The plaintiff then waited until April 14, 1999, to cross-move, *inter alia*, to validate the late service of the summons and complaint on the Volvo defendants nunc pro tunc. This was approximately 211 days after the expiration of the 120-day period following May 18, 1998. As to the defendant Clare Rose, Inc., the plaintiff waited approximately 391 days after expiration of the 120-day period before moving to deem his late service valid nunc pro tunc. This unexcused extended delay distinguishes the facts of this case from *Busler v Corbett* (259 AD2d 13) and *Leader v Maroney, Ponzini & Spencer* (276 AD2d 194), where the courts upheld late service after finding no extraordinary delay. Rather, the instant case is more closely analogous to *Hafkin v North Shore Univ. Hosp.* (*supra*), and *Estate of Jervis v Teachers Ins. & Annuity Assn.* (*supra*). For these reasons, the mo-

tions of both of the Volvo defendants, and Clare Rose, Inc., to dismiss the complaint insofar as asserted against them should be granted.

The plaintiff's remaining contentions are without merit. Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.