■ JOHN LUDEMANN et al., Appellants, v JAMES MAISEL et al., Respondents. [739 NYS2d 418] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated March 1, 2001, which granted the motion of the defendant James Maisel to dismiss the complaint insofar as asserted against him and denied their cross motion to extend their time to serve James Maisel pursuant to CPLR 306-b and to dismiss the statute of limitations defense asserted by that defendant and the defendants St. Charles Hospital and Rehabilitative Center, Nurse R. Terano, and Dr. Glenn Messina.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to dismiss the Statute of Limitations defense asserted by St. Charles Hospital and Rehabilitative Center, Nurse R. Terano, and Dr. Glenn Messina, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with one bill of costs to the respondent James Maisel.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for an extension of time to

serve the defendant James Maisel pursuant to CPLR 306-b. The plaintiffs failed to establish good cause for an extension, as no proof was offered that they made any attempt to serve Dr. Maisel within the 120-day period after the complaint was filed, as required by CPLR 306-b (*see, Leader v Maroney, Ponzini & Spencer,* 276 AD2d 194, *affd* 97 NY2d 95; *Busler v Corbett,* 259 AD2d 13).

Furthermore, after balancing the competing interests of the parties and considering all of the relevant factors, the Supreme Court providently exercised its discretion in concluding that the plaintiffs were not entitled to an extension in the interests of justice (*see, Leader v Maroney, Ponzini & Spencer, supra*). The plaintiffs failed to explain either their protracted delay in serving Dr. Maisel or their delay in making the motion to extend the time for service (*see, Hafkin v North Shore Univ. Hosp.,* 279 AD2d 86, *affd sub nom. Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95; *McGregor v Volvo GM Heavy Truck Corp.,* 286 AD2d 483; *Estate of Jervis v Teachers Ins. & Annuity Assn.,* 279 AD2d 367). The plaintiffs did not serve Dr. Maisel until five months after expiration of the statute of limitations and the 120-day period for service. Further, they did not move for an extension under CPLR 306-b until some 16 months after the 120-day period to serve had expired, and only then in response to Dr. Maisel's motion to dismiss the complaint. Finally, there is no evidence that Dr. Maisel was aware of this litigation until three years after the cause of action accrued.

The Supreme Court erred, however, in denying that branch of the plaintiffs' cross motion which was to dismiss the statute of limitations defense asserted by the defendants St. Charles Hospital and Rehabilitative Center, Nurse R. Terano, and Dr. Glenn Messina. The plaintiffs established that the complaint was filed within the 2½-year Statute of Limitations (*see,* CPLR 214-a), and these defendants offered no papers in opposition to the plaintiffs' motion. S. Miller, J.P., Friedmann, Adams and Cozier, JJ., concur.