■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ISAAC LICHTENSTEIN, Respondent, et al., Proposed Additional Respondents. [806 NYS2d 697]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated October 21, 2004, as denied the petition.

Ordered that the order is modified, on the law, by adding a provision thereto stating that the denial of the petition is without prejudice to renewal; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On March 2, 2001, the respondent, Isaac Lichtenstein (hereinafter the respondent), served a notice of intent to arbitrate upon the appellant, which stated, inter alia, that he intended to arbitrate an underinsured motorist claim based on an accident with an underinsured vehicle. The appellant did not seek a stay of arbitration in response to that notice. Thereafter, on May 11, 2004, the respondent served another demand for arbitration upon the appellant, this time specifying the nature of the dispute as a hit-and-run.

The appellant commenced this proceeding to stay arbitration within 20 days of receipt of the demand served on May 11, 2004. The respondent, however, contended that the proceeding was time-barred since it was not brought within 20 days of the appellant's receipt of the March 2, 2001 notice of intent to arbitrate. The Supreme Court agreed and denied the petition to stay arbitration on that ground.

A hit-and-run vehicle is considered an uninsured vehicle,

covered under the uninsured motorist endorsement, and *not* covered by an underinsured motorist endorsement (*see Matter of Government Empls. Ins. Co. v Abbensett*, 240 AD2d 578 [1997]). The respondent's inaccurate specification of the basis for his demand to arbitrate in the March 2, 2001 notice, made "it impossible [for the appellant] to determine if there [was] any basis to move to stay arbitration within the 20-day period" (*Matter of Northern Assur. Co. of Am. v Bollinger*, 256 AD2d 580, 581 [1998]), and therefore, did not serve to preclude the appellant from seeking a stay more than 20 days after its receipt.

The respondent is correct that the appellant's petition failed to establish that there were threshold issues concerning the claim for uninsured motorist benefits based on the alleged hit-and-run accident. However, this was due to the confusion created by the myriad of descriptions of the nature of the claim for which arbitration was sought in the various notices served upon the appellant by the respondent. As such, the denial of the appellant's petition should have been without prejudice to renewal, upon papers addressing any basis it may have for staying arbitration of what has now been identified as an uninsured motorist claim based on an alleged hit-and-run accident. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.