■ SAMUEL I. GLASS, Respondent, v ESTATE OF HARRY N. GOLD, Also Known as NUMAN GOLD, et al., Defendants, and DAN R. GOLD, Appellant. [853 NYS2d 159]—

In an action to foreclose a mortgage, the defendant Dan R. Gold, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered September 19, 2005, as, upon an order of the same court dated June 16, 2005, denying his motion to dismiss the complaint pursuant to CPLR 3211 (a) (10) for failure to join a necessary party, and upon confirming the report of a referee finding that the sum of $334,393.01 was due upon a mortgage and promissory note, is in favor of the plaintiff and against him directing a foreclosure and sale of the subject property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage after the mortgagor Harry N. Gold died intestate and the mortgage went into default. The plaintiff named as defendants, and served, the mortgagor's widow, who had been appointed administrator of the decedent's estate, and several of his children. None of these defendants answered the complaint. After the referee rendered her report, the appellant, the decedent's son, moved to dismiss the complaint for failure to name his sister as a necessary party. The Supreme Court denied the motion, holding that the decedent mortgagor's heirs were not necessary parties where the administrator was named as a party defendant. The appellant appeals from so much of the judgment of foreclosure and sale as directed a foreclosure and sale of the subject property.

The Supreme Court properly denied the appellant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (10) for failure to join a necessary party, namely, Lorraine Bowen, the deceased mortgagor's daughter. Even if Lorraine Bowen were a

necessary party, she was not an indispensable party whose absence mandates dismissal of the complaint (*see* CPLR 1001 [b]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 406 [1983]). The absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale (*see Scharaga v Schwartzberg*, 149 AD2d 578, 579-580 [1989]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d at 406).

The appellant's remaining contentions are improperly raised for the first time on appeal (*see Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]). Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.