In a proceeding pursuant to CFLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Southold dated August 19, 2010, as conditioned approval of the petitioner’s application for a farm stand permit upon certain storage and seasonal operation limitations, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), dated June 30, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated and granted, and the conditions in the determination prohibiting the storage of incidental accessory items that are not produced on the petitioner’s farm within the 4,826 square-foot area of the subject partitioned building and limiting the operation of the farm stand to the period from Labor Day through March 31 are annulled.
The petitioner, the owner of a Christmas tree farm located in the Town of Southold, applied, pursuant to Southold Town Code (hereinafter the Town Code) § 72-4 et seq., to the Town’s Building Department for a permit to construct and operate a farm stand in a portion of a building on his farm. After the Building Department denied the application, the petitioner appealed to the Zoning Board of Appeals of the Town of Southold (hereinafter the board), contending that by partitioning his 7,826 square-foot building, he could create a space for his proposed farm stand that did not exceed the area limitation of 3,000 square feet for farm stands as set forth in the Town Code (see Southold Town Code §§ 72-6 [A] [2]; 72-8). Moreover, he established that his property met the other Town Code requirements for the issuance of the permit, and that the percentage of the items offered for sale at the farm stand that would be grown by the petitioner would conform to the requirements of Town Code § 72-7. Following a public hearing, the board determined that the petitioner’s proposal satisfied the requirements for the issuance of a farm stand permit, but attached conditions, inter alia, prohibiting incidental accessory items that are not produced on the farm from being stored within the remaining 4,826 square- *688 foot area of the subject partitioned building, and limiting the operation of the farm stand to the period from Labor Day through March 31. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul so much of the determination as imposed the aforementioned conditions. The Supreme Court denied the petition and dismissed the proceeding.
Contrary to the determination of the Supreme Court, the petitioner is not judicially estopped from challenging so much of the determination as imposed the conditions at issue. “ ‘The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which he or she took in a prior proceeding, simply because his or her interests have changed’ ” (Private Capital Group, LLC v Hosseinipour, 86 AD3d 554, 556 [2011], quoting Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 890 [2010]; see Wenger v DMR Realty Mgt., Inc., 90 AD3d 647, 648 [2011]; Festinger v Edrich, 32 AD3d 412, 413 [2006]). Here, the petitioner’s statements before the board in support of his application were neither sufficiently definite nor so clearly inconsistent with his current position in this proceeding so as to warrant the application of the doctrine of judicial estoppel against him (see e.g. Private Capital Group, LLC v Hosseinipour, 86 AD3d at 556; Tobias v Liberty Mut. Fire Ins. Co., 78 AD3d 928, 929 [2010]).
Turning to the merits, the board could have acted within its authority to rationally interpret the Town Code so as to require that all farm stand inventory be stored within the 3,000 square-foot area limitation of the proposed farm stand (see generally Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton, 7 AD3d 710, 711 [2004]). However, it did not have the authority to attach a condition to its approval of the petitioner’s farm stand application that arbitrarily distinguishes between the types of inventory to be offered for sale, by permitting the storage of farm stand inventory produced on the petitioner’s farm in the partitioned area adjacent to the proposed farm stand, while prohibiting the similar storage of incidental accessory items that are not produced on the petitioner’s farm. Likewise, there is no authority in the Town Law or the Town Code, or any evidentiary basis, for the imposition of the condition limiting the operation of the proposed farm stand to a particular season or to specific dates. Accordingly, the judgment must be reversed, the petition reinstated and granted, and so much of the determination as imposed the challenged conditions annulled. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.