■ LIC Assets, LLC, Respondent, v Chriker Realty, LLC, et al., Defendants. Shanghai Enterprises, LLC, Nonparty Appellant. [17 NYS3d 41]—

In an action to foreclose a mortgage, nonparty Shanghai Enterprises, LLC, appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered August 26, 2013, which denied its motion, inter alia, to set aside the foreclosure sale, and, in effect, permit it to redeem the subject real property.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose the first and second mortgages encumbering certain commercial property. After a judgment of foreclosure and sale was entered and an auction was scheduled, nonparty Shanghai Enterprises, LLC (hereinafter Shanghai), was assigned the third mortgage on the property by Signature Bank, which had appeared in the action, but had not opposed the plaintiff's motions for summary judgment, for an order of reference, to confirm the subsequently issued referee's report, and for a judgment of foreclosure and sale.

One day before the scheduled auction of the property, Shanghai faxed a letter to the plaintiff, advising it of the assignment of the third mortgage to it, and asking that it be provided, prior to the auction, with "a payoff amount pursuant to the judgment of foreclosure and sale." The plaintiff did not respond and the sale, at which the plaintiff was the sole bidder, proceeded the next day.

Thereafter, Shanghai moved, inter alia, to set aside the sale and, in effect, to permit it to redeem the property. The Supreme Court denied the motion.

"A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (*Norwest Mtge., Inc. v Brown*, 35 AD3d 682, 683 [2006]; *see Kolkunova v Guaranteed Home Mtge. Co., Inc.*, 43 AD3d 878 [2007]). "The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered [and] '[o]nce the right to redeem is lost, it cannot be revived, even by court order' " (*Kolkunova v Guaranteed Home Mtge. Co., Inc.*, 43 AD3d at 878, quoting *Norwest Mtge., Inc. v Brown*, 35 AD3d at 684). To exercise the equity of redemption "[a]n unconditional tender of the full amount due is all that is required" (*NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d 573, 579 [2009]).

Here, the letter from Shanghai requesting the payoff amount, even if deemed to be a stated intention to redeem the mortgage, was not tantamount to an unconditional tender of the full amount due prior to the sale of the property (*see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d at 579) and, once the property was sold at auction, the right to redeem was extinguished (*see Kolkunova v Guaranteed Home Mtge. Co., Inc.*, 43 AD3d at 878).

Since Shanghai did not establish any other basis for setting aside the sale, its motion was properly denied (*see Guardian Loan Co. v Early*, 47 NY2d 515, 520 [1979]; *see also Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 [2000]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.