Wells Fargo Bank, NA v Barrella (2018 NY Slip Op 07486)





Wells Fargo Bank, NA v Barrella


2018 NY Slip Op 07486


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-11770
 (Index No. 27754/09)

[*1]Wells Fargo Bank, NA, etc., respondent, 
v
Joseph N. Barrella, etc., et al., appellants, et al., defendants.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Bruce J. Bergman and Anthony Filosa of counsel), for appellants.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison J. Sanders and Henry Distefano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph N. Barrella, Russell Barrella, and Gail Fatato appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), entered June 3, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend, nunc pro tunc, its time to serve the defendant Joseph N. Barrella and denied the cross motion of those defendants pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend, nunc pro tunc, its time to serve the defendant Joseph N. Barrella, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Joseph N. Barrella, Russell Barrella, and Gail Fatato which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against the defendant Joseph N. Barrella, and substituting therefor a provision granting that branch of the cross motion, and (3) by adding thereto a provision stating that the denial of those branches of the cross motion which were to dismiss the complaint insofar as asserted against the defendants Russell Barrella and Gail Fatato is without prejudice to renew; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Joseph N. Barrella.
On November 24, 2009, the plaintiff's former counsel, Steven J. Baum, P.C., commenced this residential foreclosure action by filing the summons and complaint with the Westchester County Clerk. In February 2012, the plaintiff retained new counsel, who discovered that the plaintiff's former counsel had failed to serve, among others, the defendant Joseph N. Barrella (hereinafter Joseph), as administrator, heir, and distributee of Anastasia Barrella, the surviving spouse of Joseph A. Barrella.
On June 22, 2015, approximately 5½ years after commencing the action, the plaintiff effectuated personal service upon Joseph by serving a person of suitable age and discretion at his actual place of business. On or about January 8, 2016, more than six months after serving Joseph [*2]and after the expiration of the statute of limitations, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend, nunc pro tunc, its time to serve Joseph. Joseph, together with the defendants Russell Barrella (hereinafter Russell), as heir and distributee of Anastasia Barrella, and Gail Fatato, as heir and distributee of Anastasia Barrella (hereinafter collectively the defendants), opposed the motion and cross-moved pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against them. The Supreme Court, relying upon CPLR 306-b's interest of justice provision, granted that branch of the plaintiff's motion which was to extend its time to serve Joseph and denied the defendants' cross motion. The defendants appeal and we modify.
As relevant here, CPLR 306-b provides that "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action." Further, "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." " Good cause' and interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d at 31-32; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). "If good cause for an extension is not established, courts must consider the interest of justice' standard of CPLR 306-b" (Bumpus v New York City Tr. Auth., 66 AD3d at 32), which "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "Unlike an extension request premised on good cause, a plaintiff [seeking an extension in the interest of justice] need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the statute of limitations, the potentially meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Moundrakis v Dellis, 96 AD3d 1026, 1027; Bumpus v New York City Tr. Auth., 66 AD3d at 32). "No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106).
Here, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to extend its time to serve Joseph. The plaintiff failed to establish that it exercised reasonably diligent efforts in attempting to effect proper service of process upon Joseph and, thus, failed to show good cause (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788; Loza v Alluri, 94 AD3d 824, 825). Further, the plaintiff failed to establish that an extension of time was warranted in the interest of justice (see Hobbins v N. Star Orthopedics, PLLC, 148 AD3d at 787-788; Loza v Alluri, 94 AD3d at 825). Where the plaintiff's delay in serving a defendant is protracted, and the defendant has no notice of the action for a protracted period of time, an inference of substantial prejudice arises (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; see also Ludemann v Maisel, 292 AD2d 428). The plaintiff failed to rebut the inference of substantial prejudice that arose due to its protracted delay in serving Joseph, as it failed to come forward with any proof that Joseph had notice of this action prior to being served more than 5½ years after the action was commenced (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; Ludemann v Maisel, 292 AD2d 428; cf. Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019-1020). Moreover, the plaintiff failed to explain its more than six-month delay in moving for relief pursuant to CPLR 306-b after it effectuated service upon Joseph (see Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148; cf. Fernandez v Morales Bros. Realty, Inc., 110 AD3d 676, 677). Under theses circumstances, the plaintiff failed to establish its entitlement to an extension of time to serve Joseph under the interest of justice standard (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107), and its motion should have been denied.
In light of the foregoing, that branch of the defendants' cross motion pursuant to CPLR 306-b which was to dismiss the complaint insofar as asserted against Joseph should have been [*3]granted. However, the parties have not addressed in their motion papers or appellate briefs whether Joseph is an indispensable party to this action, such that a dismissal of the complaint as to Joseph necessitates dismissal of the complaint insofar as asserted against Russell and Fatato (see generally Glass v Estate of Gold, 48 AD3d 746, 747). Under these circumstances, although we uphold the denial of those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against Russell and Fatato, we do so without prejudice to those defendants making a new, properly argued motion for that relief (see Matter of Allstate Ins. Co. v Lichtenstein, 24 AD3d 662, 663).
The defendants' remaining contention is improperly raised for the first time on appeal.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court