BAC Home Loans Servicing, L.P. v Rogener (2019 NY Slip Op 02842)





BAC Home Loans Servicing, L.P. v Rogener


2019 NY Slip Op 02842


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-12512
 (Index No. 17843/09)

[*1]BAC Home Loans Servicing, L.P., respondent,
v
Robert S. Rogener, appellant, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer, Ryan Biesenbach, and Antonio Morano of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Ryan D. Mitola of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert S. Rogener appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 6, 2016. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were to vacate a prior order of dismissal entered July 20, 2012, and to restore the action to active status, to extend the time to serve the defendant Robert S. Rogener and to deem a 2013 service attempt upon him to be effective nunc pro tunc to the date of that service attempt, and thereupon, for leave to enter a default judgment against that defendant, and denied that defendant's cross motion to dismiss the complaint, inter alia, pursuant to CPLR 3211(a)(8) insofar as asserted against him.
ORDERED that the order entered October 6, 2016, is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were to extend the time to serve the defendant Robert S. Rogener and to deem a 2013 service attempt upon him to be effective nunc pro tunc to the date of that service attempt, and thereupon, for leave to enter a default judgment against that defendant, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Robert S. Rogener which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Robert S. Rogener.
The plaintiff commenced this action to foreclose a mortgage on certain residential property in Nassau County in September 2009 against, among others, the defendant Robert S. Rogener (hereinafter the defendant). The plaintiff did not effect service on the defendant within the 120 days required by CPLR 306-b. The defendant, who lived in California, filed for bankruptcy on September 28, 2010. Apparently unaware of the bankruptcy filing and the automatic stay in this action resulting therefrom (see 11 USC § 362[a]), the Supreme Court issued an order entered October 6, 2010, granting the plaintiff's motion for leave to effect service on the defendant by publication pursuant to CPLR 316. The bankruptcy stay was lifted on January 28, 2011.
In an order entered July 20, 2012, the Supreme Court directed dismissal of this action pursuant to CPLR 3215(c) (hereinafter the dismissal order). Between the time that the bankruptcy stay was lifted and the time that the action was dismissed, the plaintiff did not move to extend its [*2]time to serve the defendant, and there is no indication in the record that the plaintiff attempted to effect service on the defendant. In August 2013, the plaintiff purported to serve the defendant in the dismissed action by personal service of the summons and complaint. Nearly three years later, the plaintiff moved by notice of motion dated March 31, 2016, inter alia, to vacate the dismissal order and to restore the action to active status, to extend the time to serve the defendant and to deem the 2013 service attempt effective nunc pro tunc to the date of that service attempt, and thereupon, for leave to enter a default judgment against the defendant, upon a finding that he failed to answer the complaint that was served on him in August 2013. In support of the motion, the plaintiff offered no explanation for its delay in serving the defendant. The defendant cross-moved to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3215(c), as abandoned. In an order entered October 6, 2016, the Supreme Court denied the cross motion and, in effect, granted those branches of the plaintiff's motion which were to vacate the dismissal order and to restore the action to active status, to extend the time to serve the defendant and to deem the 2013 service attempt effective nunc pro tunc to the date of that service attempt, and thereupon, for leave to enter a default judgment against the defendant. The defendant appeals.
We agree with the Supreme Court's determination that the dismissal order was improperly entered. Pursuant to CPLR 3215(c), if the plaintiff fails to take proceedings for the entry of judgment within one year after a defendant's default, the court shall dismiss the complaint as abandoned. At the time the dismissal order was entered, the defendant had not been served, and thus, had not defaulted; therefore, there was no basis for the plaintiff to move for leave to enter a default judgment.
We disagree, however, with the Supreme Court's determination to grant that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time for service of the summons and complaint on the defendant. Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." "Good cause" and "interest of justice" are two separate and independent statutory standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d at 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713; Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630). In support of its motion, the plaintiff failed to establish good cause for an extension of time to serve the defendant, as no evidence was offered that it made any attempt to serve him within the 120-day period after the complaint was filed (see Wells Fargo Bank, NA v Barrella, 166 AD3d at 714; Ludemann v Maisel, 292 AD2d 428, 429).
In deciding whether to grant a motion to extend the time for service "in the interest of justice," the court must carefully analyze "the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Wells Fargo Bank, NA v Barrella, 166 AD3d at 713; HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 929; Wilson v City of New York, 118 AD3d 983, 984).
The plaintiff failed to establish that an extension of time was warranted in the interest of justice. The plaintiff offered no evidence of any attempt to serve the defendant prior to August 2013, which was more than three years after the filing of the summons and complaint, well beyond the statutory 120 days, and one year after the action had been dismissed. Moreover, the plaintiff failed to explain its nearly three-year delay in moving for relief pursuant to CPLR 306-b after attempting to effect service upon the defendant in 2013. The instant motion was made approximately 6½ years after the filing of the summons and complaint in this action, and the plaintiff has offered no explanation for its delay. The plaintiff failed to rebut the inference of substantial prejudice to the defendant that arose due to its protracted delay in this action (see Hafkin v North [*3]Shore Univ. Hosp., 97 NY2d 95, 107; Wells Fargo Bank, NA v Barrella, 166 AD3d at 714; Ludemann v Maisel, 292 AD2d at 429). Under these circumstances, the plaintiff failed to establish its entitlement to an extension of time to serve the defendant under the interest of justice standard, and those branches of its motion which were to extend the time to serve the defendant and then to deem the 2013 service attempt effective nunc pro tunc to the date of that service attempt, and thereupon, for leave to enter a default judgment against the defendant should have been denied (see Encarnacion v Ogunro, 162 AD3d 981, 983; Zerbi v Botwinick, 162 AD3d 831, 832; McGregor v Volvo GM Heavy Truck Corp., 286 AD2d 483, 484).
Since the defendant was not served in the action, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see Zerbi v Botwinick, 162 AD3d at 832; Kazimierski v New York Univ., 18 AD3d 820; McGregor v Volvo GM Heavy Truck Corp., 286 AD2d at 484-485).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court