Liberty Dabar Assoc. v Mohammed (2020 NY Slip Op 03006)





Liberty Dabar Assoc. v Mohammed


2020 NY Slip Op 03006


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-10282
 (Index No. 500771/13)

[*1]Liberty Dabar Associates, appellant,
v
Jennifer Mohammed, defendant-respondent, et al., defendants; BH Liberty, LLC, et al., intervenors; Emmanuel Deliverance Center, Inc., nonparty-respondent.


Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY (Brian J. Isaac and Brianna Walsh of counsel), for appellant.
Warshaw Burstein, LLP, New York, NY (Pankaj Malik of counsel), for defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated September 13, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Jennifer Mohammed and nonparty Emmanuel Deliverance Center, Inc., which were to vacate a sale of the subject property held on May 18, 2017, to compel the plaintiff to accept the offer of the defendant Jennifer Mohammed to pay off the mortgage loan, and to allow that defendant to exercise her right of redemption, to the extent of setting aside the sale of the property held on May 18, 2017, directing the referee to return a deposit in the sum of $82,000 paid by BH Liberty, LLC, the successful bidder at auction, by its president, Elias Taied, giving the defendant Jennifer Mohammed 90 days to close on a loan commitment in the sum of $475,000, and extending her time to exercise her right of redemption until the end of that 90-day period.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Jennifer Mohammed and nonparty Emmanuel Deliverance Center, Inc., which were to vacate the sale of the subject property held on May 18, 2017, to compel the plaintiff to accept the offer of the defendant Jennifer Mohammed to pay off the mortgage loan, and to allow her to exercise her right of redemption are denied.
On February 15, 2013, the plaintiff commenced this action against the defendant Jennifer Mohammed (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant interposed an answer. In an order dated May 14, 2014, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, the court issued a judgment of foreclosure and sale, dated October 13, 2015. On May 18, 2017, the property was sold at auction to BH Liberty, LLC, by its president, Elias Taied (hereinafter together the purchasers).
In June 2017, the defendant and nonparty Emmanuel Deliverance Center, Inc. (hereinafter Emmanuel), moved to vacate the judgment of foreclosure and sale, to vacate the sale of the property held on May 18, 2017, and to compel the plaintiff to accept the defendant's offer to pay off the mortgage loan and allow her to exercise her right of redemption. Thereafter, the purchasers moved to intervene in the action and to extend their time to close until the motion of the defendant and Emmanuel was determined. The Supreme Court granted the motion of the purchasers, and granted the motion of the defendant and Emmanuel to the extent of setting aside the sale held May 18, 2017, directing the referee to return the purchasers' deposit, giving the defendant 90 days to close on a loan commitment in the sum of $475,000, and extending her time to exercise her right of redemption until the end of that 90-day period. The plaintiff appeals.
"A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (Norwest Mtge., Inc. v Brown, 35 AD3d 682, 683; see LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d 946, 947; Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d 878, 878). The right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered, and once the right to redeem is lost, it cannot be revived, even by court order (see LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d at 947; Kolkunova v Guaranteed Home Mtge. Co., Inc., 43 AD3d at 878).
Here, the defendant's right to redeem was extinguished upon the foreclosure sale held on May 18, 2017 (see LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d at 947). Moreover, the defendant and Emmanuel failed to set forth any basis to set aside the foreclosure sale. A court may exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520; see PII Sam, LLC v Koutsagelos, 119 AD3d 846, 846) and, therefore, may set aside a foreclosure sale " where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476, 477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280; see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896). Here, however, the defendant and Emmanuel made no showing of fraud, collusion, mistake, or misconduct casting suspicion on the fairness of the sale.
In support of their motion, the defendant and Emmanuel argued, among other things, that Emmanuel was a tenant of the property and, thus, a necessary party to the action. However, they failed to substantiate that claim. In any event, even if Emmanuel were a tenant and, thus, a necessary party, it was not an indispensable party whose absence mandated dismissal of the complaint (see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 876; Glass v Estate of Gold, 48 AD3d 746, 746-747; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406). "The absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale" (Glass v Estate of Gold, 48 AD3d at 747).
In light of our determination, the defendant's contention that a new referee's report is required need not be reached. The defendant's remaining contentions are barred by the doctrine of res judicata (see Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 573-574).
Accordingly, the Supreme Court should have denied those branches of the motion of the defendant and Emmanuel which were to vacate the sale of the property held on May 18, 2017, to compel the plaintiff to accept the defendant's offer to pay off the mortgage loan, and to allow the defendant to exercise her right of redemption.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court