Emigrant Bank v Nicolaou (2021 NY Slip Op 05546)





Emigrant Bank v Nicolaou


2021 NY Slip Op 05546


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-05085
 (Index No. 2288/13)

[*1]Emigrant Bank, etc., respondent,
v
Sotiris Nicolaou, appellant, et al., defendants.


Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart and Charmaine M. Stewart of counsel), for appellant.
Terenzi & Confusione, P.C., Garden City, NY (Jacqueline M. Della Chiesa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sotiris Nicolaou appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 24, 2020. The order denied that defendant's motion for injunctive relief and, in effect, to set aside a foreclosure sale and any subsequent conveyances of the subject property.
ORDERED that the order is affirmed, with costs.
Many of the underlying facts are set forth in this Court's decisions and orders on related appeals in this matter (Emigrant Bank v Nicolaou, ___ AD3d ___ [Appellate Division Docket No. 2017-12673; decided herewith]; Emigrant Bank v Nicolaou, ___ AD3d ___ [Appellate Division Docket No. 2018-08907; decided herewith]). Following the issuance of an order and judgment of foreclosure and sale in this action, a foreclosure sale of the subject property was conducted. There being no bids, the property reverted to the plaintiff for a nominal bid of $100 (see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 407). The plaintiff assigned its bid to its subsidiary Retained Realty, Inc., and a referee's deed was issued on January 27, 2019. On November 22, 2019, Retained Realty, Inc., transferred the property to Nassau Land Developers, LLC.
The defendant Sotiris Nicolaou (hereinafter the defendant) thereafter moved for injunctive relief and, in effect, to set aside the foreclosure sale and any subsequent conveyances of the subject property based on fraud, collusion, or misconduct. The Supreme Court denied the motion. The defendant appeals, and we affirm.
A court may exercise its inherent equitable power to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see Concept 9, LLC v 614 Realty, LLC, 189 AD3d 992, 993; Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882; Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Nationstar Mtge., LLC v Brignol, 181 AD3d at 882; see T11 Funding v Traynelis, 166 AD3d 927, [*2]928; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896). "[U]nsubstantiated claims are insufficient to establish the existence of fraud, collusion, mistake, or misconduct" (Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632-633; see Concept 9, LLC v 614 Realty, LLC, 189 AD3d at 993).
Here, the defendant failed to submit sufficient evidence of fraud, collusion, mistake or misconduct in support of his motion to establish his entitlement to the relief requested. Accordingly, the Supreme Court properly denied the motion.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court