Nationstar Mtge., LLC v Weston (2023 NY Slip Op 03925)

Nationstar Mtge., LLC v Weston

2023 NY Slip Op 03925

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-02422
 (Index No. 11020/10)

[*1]Nationstar Mortgage, LLC, plaintiff, 
v
Robert Weston, et al., defendants, Maurice Oparaji, appellant; U.S. Bank National Association, etc., nonparty-respondent.

Maurice Oparaji, Rosedale, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold Kofman of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maurice Oparaji appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered May 31, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the other defendants in the action for failure to join a necessary party, and granted those branches of the motion of nonparty U.S. Bank National Association which were to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the appeal from so much of the order as granted those branches of the motion of nonparty U.S. Bank National Association which were to confirm the referee's report and for a judgment of foreclosure and sale is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to nonparty U.S. Bank National Association.
This mortgage foreclosure action was commenced in May 2010 against, among others, the defendant Maurice Oparaji (hereinafter the defendant), who held three subordinate judgment liens against the subject property. The defendant moved, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and, in effect, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against the other defendants in the action for failure to join a necessary party. Nationstar Mortgage, LLC (hereinafter Nationstar), opposed the motion, conceding that the defendant was not served in the action, but arguing that the action could nevertheless proceed against the remaining defendants without him. Nationstar additionally moved, inter alia, to confirm a referee's report, for a judgment of foreclosure and sale, and to amend the caption to reflect U.S. Bank National Association (hereinafter U.S. Bank) as the plaintiff. By order entered May 31, 2019, the Supreme [*2]Court, inter alia, granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, denied that branch of his motion which was, in effect, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against the other defendants in the action, and granted Nationstar's motion. The defendant appeals.
The appeal from so much of the order as granted those branches of Nationstar's motion which were to confirm a referee's report and for a judgment of foreclosure and sale must be dismissed, as the defendant is not aggrieved thereby (see CPLR 5511).
The Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against the other defendants in the action. Contrary to the defendant's contention, while the complaint was properly dismissed insofar as asserted against him for lack of personal jurisdiction, the absence of a necessary party in a foreclosure action does not require dismissal of the complaint, but rather "leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" (1426 46 St., LLC v Klein, 60 AD3d 740, 742; see Private Capital Group, LLC v Hosseinipour, 86 AD3d 554; Glass v Estate of Gold, 48 AD3d 746; 12 Bergman on New York Mortgage Foreclosures § 12.02 [November 2022]).
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court