Wilmington Sav. Fund Socy., FSB v Zaman (2026 NY Slip Op 01090)

Wilmington Sav. Fund Socy., FSB v Zaman

2026 NY Slip Op 01090

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-11398
 (Index No. 6240/07)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
vNezam Zaman, appellant, et al., defendants.

Nezam Zaman, Brooklyn, NY, appellant pro se.
Knuckles & Manfro, LLP, Tarrytown, NY (Ali Degan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nezam Zaman appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 20, 2023. The order denied that defendant's motion to stay a foreclosure sale of the subject property and granted the plaintiff's cross-motion to ratify a foreclosure sale of the subject property nunc pro tunc.
ORDERED that the order is affirmed, with costs.
On December 1, 2003, the defendant Nezam Zaman (hereinafter the defendant) executed a note in favor of the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property located in Brooklyn. In 2007, the plaintiff's predecessor in interest commenced this action to foreclose the mortgage against, among others, the defendant. In an order and judgment of foreclosure and sale dated January 4, 2010, the Supreme Court, inter alia, directed the sale of the property. Between 2010 and 2022, multiple foreclosure sales were scheduled, but none of them were conducted due to, among other things, the defendant filing for bankruptcy multiple times. Thereafter, a foreclosure sale was scheduled for June 22, 2023, at 2:30 p.m.
On June 21, 2023, the defendant submitted to the Supreme Court a proposed order to show cause by which he would move to stay the foreclosure sale. The proposed order to show cause contained a temporary restraining order that, if granted, would, in effect, stay the foreclosure sale pending the determination of the motion.
On June 22, 2023, the Supreme Court signed the proposed order to show cause, without striking the temporary restraining order. The court directed that the plaintiff and the referee were to be served with the order to show cause and the supporting papers by specified means on or before June 22, 2023. Nevertheless, the foreclosure sale was held on June 22, 2023, at approximately 2:30 p.m., and the property was sold to a third-party bidder.
On July 3, 2023, the plaintiff cross-moved to ratify the foreclosure sale nunc pro tunc. In support of its cross-motion, the plaintiff submitted, inter alia, an affidavit from the referee, who averred, among other things, that he was not served with the order to show cause until June 23, 2023, after the foreclosure sale had already occurred and the property had been sold to a third-party bidder.
In an order dated September 20, 2023, the Supreme Court denied the defendant's motion and granted the plaintiff's cross-motion. The defendant appeals.
CPLR 2211 provides that "[a] motion on notice is made when a notice of the motion or an order to show cause is served" (see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 122; Wilmington Sav. Fund Socy., FSB v Sheikh, 183 AD3d 783, 784; Foley v Fitzpatrick Container Co., 267 AD2d 637, 638; Cespedes v City of New York, 172 AD2d 640, 641). Here, the record reflects that the order to show cause was not served upon the referee until June 23, 2023. Thus, by the time the defendant made his motion to stay the foreclosure sale, it had already occurred.
"A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (Norwest Mtge., Inc. v Brown, 35 AD3d 682, 683; see Liberty Dabar Assoc. v Mohammed, 183 AD3d 880, 882; LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d 946, 947). However, the right to redeem is extinguished as a matter of law upon the foreclosure sale, whether or not the deed has been delivered, and once the right to redeem is lost, it cannot be revived, even by court order (see Liberty Dabar Assoc. v Mohammed, 183 AD3d at 882; LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d at 947). Here, the defendant's right to redeem was extinguished upon the foreclosure sale held on June 22, 2023 (see Liberty Dabar Assoc. v Mohammed, 183 AD3d at 882; LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d at 947).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion to stay the foreclosure sale and granted the plaintiff's cross-motion to ratify the foreclosure sale nunc pro tunc.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court